**Demetrio Ortiz RODRIGUEZ, Petitioner–Appellant,**

v.

**Gary MAYNARD, Director; Attorney General, State of Oklahoma, Defendants–Appellees.**

**No. 91–6175.**

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1991.

Demetrio Ortiz Rodriguez, pro se.

Susan Brimer Loving, Atty. Gen., and Diane L. Slayton, Asst. Atty. Gen., for the defendants-appellees.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Petitioner-appellant Demetrio Ortiz Rodriguez appeals from the district court's denial of his petition for writ of habeas corpus. Because we conclude the petition constitutes an abuse of the writ, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

In 1977, Mr. Rodriguez pleaded guilty to the offenses of first degree rape and assault and battery with intent to kill. Rodriguez was sentenced to life imprisonment for the rape offense and fifteen years for the assault and battery offense, with the sentences to run consecutively.

Rodriguez, appearing pro se, brought his first petition for a writ of habeas corpus in 1980. In his petition, Rodriguez alleged (1) that his guilty plea was involuntary due to an inability to understand the English language and a failure of his attorney to demand an interpreter; (2) that certain sentencing provisions of the plea agreement were violated; and (3) that the provisions of the double jeopardy clause precluded the state from charging appellant with kidnapping and invalidated his pleas to the rape and assault and battery charges. The district court denied all relief, *Rodriguez v. Murphy,* No. CIV–80–830–D, (W.D.Okla. Sept. 10, 1980), and we affirmed. *Rodriguez v. Murphy,* No. 80–2099, (10th Cir. Nov. 19, 1981).

Rodriguez, again proceeding pro se, filed this second petition for a writ of habeas corpus on July 10, 1991. In his petition, Rodriguez alleged (1) that the state court erroneously failed to hold an evidentiary hearing on factual issues that were outside the record; (2) that the state court erroneously denied Rodriguez' challenge to the

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

voluntariness of his guilty plea even though the guilty plea transcript does not reflect that Rodriguez was informed of his rights to confront and cross-examine witnesses; (3) that the state trial judge failed to make a determination of Rodriguez' competency prior to accepting the guilty plea in violation of Rodriguez' Fourteenth Amendment rights; and (4) the state trial judge also failed to determine that there was a factual basis to support Rodriguez' guilty plea in violation of Rodriguez' Fourteenth Amendment rights.

The respondent, Gary Maynard, moved to dismiss Rodriguez' petition as an abuse of the writ of habeas corpus, under Rule 9, Rules Governing Section 2254 Cases, 28 U.S.C. § 2254. Respondent argued that all four of Rodriguez' present claims are new claims that were not presented in Rodriguez' first federal habeas petition. The district court ordered Rodriguez to file a response to Respondent's motion to dismiss. The district court specifically requested Rodriguez to explain why his petition deserves reconsideration and to explain why the new grounds he asserts in the present petition were not raised in the earlier petition. In his response, Rodriguez asserted that he "has no legal training and the Plaintiff did not and still does not have the legal knowledge of legal procedures." In addition, Rodriguez argued that his inability to understand the English language prevented him from being aware of all the issues.

The district court applied the following standard to evaluate whether Rodriguez had abused the writ: whether the "new and different ground was withheld from the prior petition due to deliberateness or inexcusable neglect." *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). In addition, the

district court determined that the abuse of the writ by a pro se petitioner such as Rodriguez should be judged by the petitioner's *actual* knowledge of the facts and legal claims. *Passman v. Blackburn,* 797 F.2d 1335, 1343 (5th Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1609, 94 L.Ed.2d 794 (1987). Although the district court found that all of Rodriguez' claims were indeed new claims, not presented in the earlier petition, the court concluded there was no abuse of the writ. The court held that it could not, "under the legal standards cited above, find that the Petitioner has deliberately withheld his claim from his prior proceeding." The district court then rejected all four of Rodriguez' claims on the merits.

The district court's ruling on the merits may not come before this court if it is premised on claims that constitute an abuse of the writ. *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). Therefore, we must consider the preliminary question of whether Rodriguez' presentation of these claims for the first time in his second federal habeas petition is an abuse of the writ. *See id.*

■ A federal court may dismiss a petition for a writ of habeas corpus as an abuse of the writ under 28 U.S.C. § 2244(b)[2] and 28 U.S.C. § 2254, Rule 9(b).[3] In *McCleskey v. Zant,* the Supreme Court recently stated that "[a]buse of the writ is not confined to instances of deliberate abandonment," but also encompasses the "principle of inexcusable neglect." 111 S.Ct. at 1467–68. There, the Court held that the cause and prejudice test—the standard adopted in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to determine whether to excuse state procedural defaults—also applies "to determine if there has been an abuse of the

**2.** "[A] subsequent application for a writ of habeas corpus ... need not be entertained ... unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." 28 U.S.C. § 2244(b).

**3.** "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28 U.S.C. § 2254, Rule 9(b).

writ through inexcusable neglect." *McCleskey*, 111 S.Ct. at 1470.

■ "[T]he government bears the burden of pleading abuse of the writ." *Id.* The government did so in this case in its motion to dismiss petitioner's second federal habeas petition. Thereafter, to show he or she has not abused the writ through inexcusable neglect, the petitioner who presents new claims in a second or subsequent federal habeas petition must show both cause for failing to present those claims in an earlier habeas petition and prejudice therefrom. *Id.* Even if the "petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.*

■ *McCleskey* draws no distinction between pro se petitioners and those represented by counsel for the purposes of determining whether a petitioner can show "cause" for failing to present new claims in an earlier habeas petition. In *McCleskey*, the Court stated that application of the cause and prejudice test in the abuse of the writ context does not imply that petitioners have a constitutional right to counsel in federal habeas corpus. *Id.* at 1471 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987)). We hold that, in abuse of the writ cases, the cause and prejudice standard applies to pro se petitioners just as it applies to petitioners represented by counsel. When a pro se petitioner presents a new claim in a second or subsequent federal habeas petition, the petitioner must show cause and prejudice, as those terms have been defined in procedural default cases. *See id.*

■ Although an evidentiary hearing is sometimes necessary to give a petitioner the opportunity to make the cause and prejudice showing, such a hearing is not required if it is found as a matter of law that the petitioner cannot satisfy the standard. We find that an evidentiary hearing is unnecessary in this case because, looking solely at the record, we hold as a matter of law that the petitioner cannot meet his burden of showing cause for failure to raise these claims in his earlier petition.[4]

We have noted that "cause requires a showing of some external impediment" that prevents the petitioner or counsel from constructing or raising the claim. *Andrews v. Deland*, 943 F.2d 1162 (10th Cir.1991) (citing *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986), and *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). In order to satisfy the cause standard in procedural default cases, "the petitioner must show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey*, 111 S.Ct. at 1470 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

Rodriguez claims that, at the time he filed his first federal habeas petition, he did not realize the legal significance of the errors he alleges the state trial judge committed during the entry of the guilty plea. However, " 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him...." *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (citing *Murray*, 477 U.S. at 488, 106 S.Ct. at 2646). The factual and legal bases for Rodriguez' new claims existed at the time he filed his

---

**4.** For the sake of completeness, we note that although the Supreme Court's *McCleskey* decision had not been issued when the district court decided this case, the procedures the district court followed comport with the procedures outlined in *McCleskey* for addressing a possible abuse of the writ. Following the government's motion to dismiss based on abuse of the writ, the court directed the petitioner to explain why he had not previously raised the claims raised in his second federal habeas petition. Both in his

Traverse to Motion to Dismiss and also in his Supplemental Traverse to Motion to Dismiss, the petitioner essentially stated that he failed to raise the claims previously because he was unaware of the issues and because he lacked an adequate understanding of the English language. For reasons stated below, the petitioner's first explanation does not meet the "cause" requirement, and his second explanation is without merit.

first federal habeas petition. As the district court noted, Rodriguez' new claims relate to the same defense he raised in his earlier federal habeas petition—that his guilty plea was invalid. Rodriguez can point to no "objective factor external to the defense" as cause for his failure to raise these claims earlier.

In *McCleskey*, the Court stated that

> [t]he requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition. If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant.

*McCleskey*, 111 S.Ct. at 1472; *see also Andrews v. Deland*, 943 F.2d 1162 (10th Cir. 1991). We find that Rodriguez' pro se status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to raise these new claims in his previous habeas petition. *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir.1988) (petitioner's pro se status and educational background are not sufficient cause under the cause and prejudice test); *see also Williams v. Arkansas*, 927 F.2d 409, 410 (8th Cir.1991) (pro se status and educational background do not constitute cause); *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir.1990) (where an issue was not beyond the petitioner's intrinsic ability to present, petitioner's pro se status does not constitute cause under the cause and prejudice test); *Smith v. Newsome*, 876 F.2d 1461, 1465 (11th Cir.1989) (failure of pro se petitioner to think or act like a lawyer does not satisfy cause under the cause and prejudice test); *Hughes v. Idaho State Board*, 800 F.2d 905, 909 (9th Cir. 1986) (a pro se petitioner's ignorance is not sufficient to satisfy cause under the cause and prejudice test).

Rodriguez also claims that his lack of familiarity with the English language at the time he filed his first federal habeas petition constitutes adequate cause for his failure to raise these new claims previously. In his first petition, Rodriguez attacked the validity of his guilty plea on the basis that he lacked the ability to understand English. In ruling on the first petition, the district court found, and this court affirmed, that Rodriguez could understand and intelligently speak English. We find no merit to Rodriguez' language barrier argument. Thus, we have no occasion to consider whether a language barrier could render a petitioner so incapable as to constitute cause for failure to present all claims in the first federal habeas petition.

Because Rodriguez does not show cause for his failure to bring these new claims in his earlier petition, we need not address the question of whether he suffered actual prejudice.

■ Rodriguez' failure to show cause may nonetheless be excused if he can show that a fundamental miscarriage of justice would result from the court's failure to entertain his new petition. *McCleskey*, 111 S.Ct. at 1470–71. Because Rodriguez makes no colorable showing of his innocence, we find that he cannot satisfy the "fundamental miscarriage" exception. *Id.*

We GRANT petitioner's request for a certificate of probable cause, GRANT his motion to proceed in forma pauperis and AFFIRM the district court's judgment denying relief. The mandate shall issue forthwith.

SO ORDERED.