953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry Dewayne BLANKENSHIP, Petitioner-Appellant,
v.
Michael CODY, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 91-5116.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1992.
 
 Before LOGAN, BARRETT and EBEL, CIRCUIT JUDGES.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BARRETT, Senior District Judge.
 
 
 3
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 Terry Dewayne Blankenship (Blankenship) appeals the order of the district court dismissing his application for writ of habeas corpus.
 
 
 5
 Blankenship was tried by jury, charged with the crime of murder in the first degree. The jury returned a verdict of guilty for the lesser included offense of manslaughter in the first degree. Blankenship was sentenced to thirty (30) years imprisonment in the state penitentiary. Blankenship challenged his conviction in a direct appeal, and in a request for post-conviction relief with the Oklahoma Court of Criminal Appeals. Both challenges were denied.
 
 
 6
 Blankenship then filed a petition for a writ of habeas corpus in the federal district court, which was denied on the merits. He attempted to appeal the denial to this Court, but the appeal was subsequently dismissed for failure to prosecute. Blankenship filed another petition for a writ of habeas corpus, which was denied by the federal district court on the adoption of the magistrate judge's finding that the petition was successive.
 
 
 7
 Blankenship contends that the district court's dismissal of his petition constituted an abuse of discretion under Rule 9(b) of the rules governing habeas corpus proceedings.
 
 
 8
 Rule 9(b), Rules Governing Section 2254 proceedings, provides that:
 
 
 9
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 10
 We have examined the briefs, the petition, and the appellate record. We are satisfied that the district court properly adopted the report and recommendation of the magistrate judge. See Andrews v. Deland, 943 F.2d 1162 (10th Cir.1991) ("the [district court] judge is afforded considerable discretion in determining what reliance he or she may place upon the magistrate judge's findings and recommendations"). We are further satisfied that the magistrate judge properly recommended dismissal of the petition as successive. See, McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 1472 (1991), (the district court's ruling on the merits may not come before this court if it is premised on claims that constitute an abuse of the writ). See also Rodriquez v. Maynard, --- F.2d ----, 1991 WL 225147 (10th Cir.1991) ("in abuse of the writ cases, the cause and prejudice standard applies to pro se petitioners just as it applies to petitioners represented by counsel.").
 
 
 11
 We affirm for substantially the reasons set forth in the report and recommendation of the magistrate judge, adopted by the district court.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3