968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry TARVIN, Plaintiff-Appellant,
v.
Robert J. TANSY, Defendant-Appellee.
 No. 91-2270.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Larry Tarvin appeals an order of the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court also refused to issue a certificate of probable cause.
 
 
 3
 On appeal, Tarvin contends that he did not abuse the writ by filing a second federal habeas petition alleging ineffective assistance of counsel. He claims that because his counsel failed to raise certain issues during the state court proceedings, the court determined upon review of his first federal habeas petition that those issues were procedurally defaulted. Tarvin also asserts that he was denied his right to effective assistance of counsel because his counsel failed to preserve at sentencing and raise on appeal the requirement that his convictions for armed robbery and assault with intent to commit robbery be merged for purposes of sentencing. We exercise jurisdiction under 28 U.S.C. § 1291 and deny the habeas petition.
 
 
 4
 Tarvin contends that he did not abuse the writ by filing this second federal habeas petition alleging ineffective assistance of counsel. He also claims that this assertion is distinct from the claim in his first habeas petition that the consecutive sentences for his two convictions violated the Double Jeopardy Clause and should have been merged. The state met its initial burden of pleading abuse of the writ by noting Tarvin's writ history with clarity and particularity and by demonstrating that Tarvin's second petition raises claims that did not appear in his first petition. Once the state meets its initial burden, the petitioner must show cause for his failure to raise the claim earlier and prejudice resulting from the default. See McClesky v. Zant, 111 S.Ct. 1454, 1464 (1991) (citing Price v. Johnson, 68 S.Ct. 1049, 1063 (1948)).
 
 
 5
 To excuse his failure to raise these new grounds in his first petition, Tarvin must assert a valid "cause" that consists of factors external to him that cannot fairly be attributed to him. See Coleman v. Thompson, 111 S.Ct. 2546 (1991) (citing Murray v. Carrier, 477 U.S. 478 (1986). The facts of this case demonstrate that no such external cause exists. The record reveals that Tarvin had access to the factual and legal grounds for these claims when he filed his first habeas petition. Tarvin had the opportunity to know that his counsel failed to appeal the merger claim in state court when he filed his first habeas petition. Therefore, Tarvin clearly could have anticipated that his claim in the first petition would be procedurally defaulted. At that point, he had the same grounds he has now for alleging ineffective assistance of counsel.
 
 
 6
 Thus, a factual basis for the new claim was reasonably available to Tarvin when he filed his first habeas petition. See Murray v. Carrier, 477 U.S. 478 (1986). Accordingly, Tarvin has not demonstrated an external cause that would excuse his failure to raise the ineffective assistance of counsel claim in his first petition.
 
 
 7
 Tarvin argues that misjudgments on his part in pursuing habeas relief should be viewed in light of his status as a pro se petitioner. We must reject this argument. The standards applicable for determining whether cause exists for the issuance of a writ of habeas corpus as well as whether a petitioner established sufficient prejudice to support the writ, applies to pro se petitioners in the same way that it applies to petitioners represented by counsel. See Rodriguez v. Maynard, 948 F.2d 684 (10th Cir.1991).
 
 
 8
 Because Tarvin failed to show cause for his failure to bring the claim of ineffective assistance of counsel in his first habeas petition, we do not consider whether he suffered prejudice as a result. Further, we do not address the "fundamental miscarriage of justice standard" because Tarvin does not make a claim of "factual innocence."
 
 
 9
 Accordingly, we GRANT the certificate of probable cause and DENY the habeas petition. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3