982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky O. WILLIAMS, Petitioner-Appellant,
v.
Gary MAYNARD; the Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 91-7130.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Ricky O. Williams appeals from the dismissal of his habeas corpus petition pursuant to 28 U.S.C. § 2254, as an abuse of the writ. The petition alleges six grounds for relief: (1) denial of a speedy trial, (2) appearance in prison attire at trial, (3) inadequate sequestration of the jury during trial, (4) use of evidence of former voidable felony conviction at trial, (5) breach of plea bargain agreement and (6) (denominated as ground seven by plaintiff) imposition of an unauthorized sentence. The only issue on appeal is whether the district court's dismissal, on the ground petitioner's petition constituted an abuse of the writ, was appropriate.
 
 
 3
 Petitioner filed his first petition pursuant to § 2254 in 1986. That petition was dismissed by the district court after having been construed as favorably as possible to petitioner. Memo.Op.Case No. 86-530-C (E.D.Okla. June 29, 1987). (Petitioner apparently never appealed that dismissal; he complains that he was not notified of it.) Therefore, petitioner's habeas petition here must be examined under the rules governing 28 U.S.C. § 2254. Rule 9(b) reads as follows:
 
 
 4
 Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 5
 We agree with the district court that the issues raised in the petition were not previously raised in the 1986 case and petitioner has made no showing of excusable neglect or unintentional abandonment.
 
 
 6
 We must decide whether petitioner's delay in raising these issues until the present petition constitutes an abuse of the writ. We have required petitioners in habeas cases to prove the absence of intentional abandonment, or of excusable neglect, and that a later-raised claim was not deliberately withheld. Once the government pleads the abuse of writ defense, it is petitioner's burden to prove good reason exists for not having raised the claim originally. Coleman v. Saffle, 869 F.2d 1377, 1381 (10th Cir.1989), cert. denied, 494 U.S. 1090 (1991). The courts will not tolerate, even with a traditionally equitable remedy such as habeas corpus, "needless piecemeal litigation ... to vex, harass or delay." Sanders v. United States, 373 U.S. 1, 18 (1963). Pro se litigants are held to the same standard, as to successive petitions, as are litigants who had counsel. Rodriguez v. Maynard, 948 F.2d 684 (10th Cir.1991).
 
 
 7
 Petitioner has not established by any significant evidence, much less a preponderance of the evidence, why these new grounds for habeas corpus relief are not an abuse of the writ. He has not alleged that he was previously unaware of these grounds. None result from a change in the applicable law or are new factually. Coleman, 869 F.2d at 1380. As the magistrate judge noted in his recommendation to the district court, all of the facts supporting petitioner's allegations have been known to him for approximately eight years. Neither has petitioner made a colorable showing of factual innocence.
 
 
 8
 The decision of the district court is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3