1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond M. HERRERA, Petitioner-Appellant,
v.
John SHANKS, Warden; Attorney General State of New Mexico,
Respondents-Appellees.
 No. 93-2009.
 United States Court of Appeals, Tenth Circuit.
 Aug. 2, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Raymond M. Herrera appeals from the dismissal as abusive of his second habeas corpus petition pursuant to 28 U.S.C. Sec. 2254. The petition alleges five grounds for relief: (1) denial of an impartial jury, (2) multiple punishments for the same crime, (3) insufficient evidence to support the conviction, (4) imposition of an illegal sentence, and (5) imposition of an improper parole term. The only issue on appeal is whether the district court's dismissal, on the ground the petition constituted an abuse of the writ, was appropriate. We exercise jurisdiction under 28 U.S.C. Sec. 1291, grant a certificate of probable cause, and affirm.
 
 
 3
 Before we reach the merits of petitioner's contentions, we must address whether procedural rules bar consideration of these claims. Petitioner filed his first petition pursuant to Sec. 2254 in 1987. He alleged that (1) certain evidence should have been suppressed, (2) the prosecutor made improper statements during voir dire, (3) a government witness improperly suggested petitioner had been convicted of a similar crime, and (4) the prosecutor made improper statements during closing argument. That petition was dismissed by the district court and affirmed on appeal. The Supreme Court denied certiorari.[1] Herrera v. Kerby, 111 S.Ct. 1689 (1991).
 
 
 4
 This second federal habeas petition must be examined under the rules governing petitions filed under 28 U.S.C. Sec. 2254. Rule 9(b) reads as follows:
 
 
 5
 Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 6
 The issues raised in this petition were not raised in 1987. Therefore, because the government has pleaded abuse of the writ, petitioner must show cause for the omissions and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if we refuse to consider these claims. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Pro se litigants are held to the same standard, as to successive petitions, as are litigants represented by counsel. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991).
 
 
 7
 To show cause, petitioner must demonstrate that some objective and external factor prevented him from raising these claims earlier. McCleskey, 111 S.Ct. at 1470. Petitioner has not established cause and prejudice with any allegations that might excuse his failure to raise these claims earlier. Instead, he argues that the district court improperly applied McCleskey, that he is factually innocent of an illegal sentence, and that McCleskey is an ex post facto law that should not be applied to him. These arguments avoid the threshold inquiry. Petitioner could have raised all of these issues in his original Sec. 2254 petition, but has not shown how he was prevented from doing so at that time.
 
 
 8
 Failing the cause and prejudice test, a habeas petitioner may nonetheless be heard on the merits by demonstrating that a fundamental miscarriage of justice will result from our failure to hear his claim. This alternative permits a petitioner to raise a belated federal constitutional claim if he or she makes a showing of actual innocence. Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992). Although petitioner alleges he is innocent, he simply reargues the evidence. We do not reweigh the evidence presented to the jury. Jackson v. Virginia, 443 U.S. 307, 319-20 n. 13 (1979). Petitioner's bare claims of innocence are insufficient to overcome the abuse of the writ defect.
 
 
 9
 The decision of the district court is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner also filed a petition for state habeas corpus relief in 1991. That petition was dismissed because it raised issues that either should have been raised on direct appeal or had been raised on direct appeal and determined adversely to petitioner on the merits. I R.Doc. 8, Ex. R