7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose L. GONZALES, Petitioner-Appellant,
v.
Stephen KAISER, Respondent-Appellee.
 No. 93-6230.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Gonzales, a state inmate and pro se litigant, appeals the denial of habeas corpus relief. We grant Mr. Gonzales permission to appeal in forma pauperis and affirm the district court's decision.
 
 
 3
 Mr. Gonzales was convicted of first degree murder and sentenced to life imprisonment.[1] The facts of the conviction stemmed from Mr. Gonzales shooting the victim eleven times with a nine-shot revolver. The jury rejected Mr. Gonzales' theory that he acted in self defense.
 
 
 4
 In his current habeas corpus petition challenging the state court conviction, Mr. Gonzales set forth three grounds for relief: (1) the trial court's failure to hold a competency hearing; (2) the essential elements of first degree murder were not "specifically and distinctly" alleged; and (3) ineffective assistance of counsel in failing to raise the first two issues in his direct appeal and failure to investigate and raise his mental health problems at his state trial.
 
 
 5
 Mr. Gonzales filed four applications for post conviction relief in state court. The first was dismissed as Mr. Gonzales failed to follow the state required procedures. In his second petition, Mr. Gonzales argued ineffective counsel due to his attorney's failure to furnish Mr. Gonzales with copies of the pleadings, briefs and transcript. Relief was denied, and this was affirmed on appeal. In his third petition, Mr. Gonzales argued his defense was insanity and the evidence was insufficient to prove his sanity. This petition was dismissed as successive and no appeal was filed. In his fourth petition, Mr. Gonzales raised the same arguments now asserted. The Oklahoma Court of Criminal Appeals concluded Mr. Gonzales "has not raised any issues that he did not or could not have raised in his appeal or in his three previous post-conviction applications" and concluded Mr. Gonzales' claims were procedurally defaulted.
 
 
 6
 The United States District Court concluded that none of the attorney deficiencies alleged by Mr. Gonzales violated the mandates of Strickland v. Washington, 466 U.S. 668 (1984), and the balance of Mr. Gonzales' claims were procedurally barred for failure to show cause and prejudice.
 
 
 7
 Mr. Gonzales appeals asserting pro se petitioners are held to a lesser standard in showing "cause" and rearguing his remaining contentions.
 
 
 8
 The law we must apply is simple and well established. The general rule is that defaulted claims may not be considered on habeas corpus unless the petitioner shows both cause as to why the normal state procedures were not followed and prejudice from the alleged constitutional violations. Coleman v. Thompson, --- U.S. ----, ----, 111 S.Ct. 2546, 2565 (1991). The only way around this hurdle is for petitioner to allege facts showing a fundamental miscarriage of justice. Id.
 
 
 9
 It would be unique to hold Mr. Gonzales to one standard (show good cause for failure to raise constitutional issue in prior proceeding) and excusing Mr. Gonzales under another (pro se petitioner does not have to demonstrate cause). Cf. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991) (the cause and prejudice standard, in abuse of habeas corpus writ cases, applies to pro se petitioners just as it applies to petitioners represented by counsel). A pro se petitioner is not held to the same procedural standard as would be expected of an attorney; however, a pro se petitioner is held to the same standard insofar as compliance with substantive law is concerned. In short, a pro se habeas corpus petitioner must allege cause to excuse his procedural default and this Mr. Gonzales has not done nor has he alleged a fundamental miscarriage of justice.
 
 
 10
 Habeas corpus petitioners should realize they are not entitled to assert habeas corpus relief every time they develop a new theory of their case. If an issue is not raised in a prior post conviction relief proceeding and if a state holds a second proceeding is procedurally barred, then a habeas corpus petitioner must be prepared to show cause and prejudice or a fundamental miscarriage of justice.
 
 
 11
 Mr. Gonzales has also claimed ineffective assistance of counsel. First, Mr. Gonzales has no constitutional right to counsel in post conviction relief proceedings. Second, under Strickland, Mr. Gonzales must show both that counsel's performance was deficient and there exists a reasonable probability that but for counsel's unprofessional errors the result of the proceedings would have been different. Mr. Gonzales has failed on both counts. He has failed to allege facts showing either deficient performance or prejudice and has merely stated conclusions.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This conviction was affirmed on direct appeal. See Gonzales v. State, 388 P.2d 312 (Okla.Crim.App.1964)