16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Louis Osei COTTON, Petitioner-Appellant,
v.
STATE of Kansas, Respondent-Appellee.
 No. 93-3304.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Louis Osei Cotton, appearing pro se, appeals from the district court's dismissal of his second petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He also asks us to grant his application for a certificate of probable cause under 28 U.S.C. 2253, and his motion to proceed in forma pauperis.
 
 
 3
 In his first habeas corpus petition, Mr. Cotton challenged the sufficiency of the evidence on his murder conviction. After the petition was denied, Mr. Cotton appealed, raising misapplication of the Habitual Criminal Act at his sentencing as an additional issue. We affirmed the district court's denial, noting that any issues which were not raised before the district court were not properly before us. See Cotton v. Kansas No. 93-3106, slip op. (10th Cir. Aug. 16, 1993). One week after the entry of our Order and Judgment, Mr. Cotton filed a second petition, alleging misapplication of the Habitual Criminal Act as new grounds for habeas relief. We agree with the district court that Mr. Cotton's second petition constitutes an abuse of the writ.
 
 
 4
 A federal court may dismiss a second or successive petition for a writ of habeas corpus if it "fails to allege new or different grounds for relief ... or if new and different grounds are alleged" and the court finds that the petitioner's failure "to assert those grounds in a prior petition constitutes an abuse of the writ." Rules Governing 2254 Cases, Rule 9(b), 28 U.S.C. foll. 2254. A writ is abusive "unless the petitioner can show cause for the failure to raise the claim in an earlier habeas petition, and prejudice therefrom .... [or] if he can show that failure to hear his claim will result in a fundamental miscarriage of justice." Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991) (citing McClesky v. Zant, 499 U.S. 467 (1991)), cert. denied. 112 S.Ct. 1213 (1992).
 
 
 5
 "Cause," for purposes of applying the cause and prejudice test, " 'requires a showing of some external impediment preventing [petitioner] from constructing or raising the claim.' " Andrews v. Deland, 943 F.2d at 1171 (quoting Murray v. Carrier, 477 U.S. 478, 492 (1986)). See also Coleman v. Thompson, 111 S.Ct. 2546 (1991); McClesky v. Zant, 499 U.S. at 493.
 
 
 6
 Blaming his lack of legal training for his failure to make an express allegation, Mr. Cotton argues that the district court should have considered misapplication of the Habitual Criminal Act in his first petition, since the issue had been raised in state court proceedings which were included in the original record. We are not persuaded. Mr. Cotton's pro se status does not require a different standard than that applied to petitioners represented by counsel, and lack of legal training does not constitute "cause" under the cause and prejudice test. See Worthen v. Kaiser, 952 F.2d 1266, 1268 (10th Cir.1992); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir.1991). Because Mr. Cotton does not show cause for failure to bring this claim in his first petition, we need not address whether he has suffered actual prejudice. Rodriguez, 948 F.2d at 688. Finally, because Mr. Cotton presents no colorable showing of innocence, his petition does not satisfy the fundamental miscarriage of justice exception. See McClesky v. Zant, 499 U.S. at 490.
 
 
 7
 We GRANT Mr. Cotton a certificate of probable cause, and we GRANT his motion to proceed in forma pauperis. We AFFIRM the district court's dismissal of his petition.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----