16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mack Willie THOMAS, Petitioner-Appellant,
v.
Aristedes W. ZAVARAS; Gale A. Norton, Attorney General,
Respondents-Appellees.
 No. 93-1363.
 United States Court of Appeals, Tenth Circuit.
 Jan. 14, 1994.
Rehearing Denied Feb. 18, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Mr. Thomas appeals from an order of the district court adopting the recommendations of the United States Magistrate Judge and dismissing his pro se habeas corpus petition, 28 U.S.C. 2254.[2] The parties are familiar with the facts and issues involved in this appeal and we do not restate them here.
 We do not review the district court's decision on the merits because we agree with the district court and the magistrate judge that this second federal habeas petition constitutes an abuse of the writ under 28 U.S.C. 2244(b) and 28 U.S.C. 2254, Rule 9(b). See Worthen v. Kaiser, 952 F.2d 1266, 1268 (10th Cir.1992) ("We may not consider the district court's ruling on the merits if it is based on claims constituting an abuse of the writ."). "[T]o show he or she has not abused the writ through inexcusable neglect, the petitioner who presents new claims in a second or subsequent federal habeas petition must show both cause for failing to present those claims in an earlier habeas petition and prejudice therefrom." Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991). "[T]he cause and prejudice standard applies to pro se petitioners just as it applies to petitioners represented by counsel." Id. For substantially the same reasons set forth by the magistrate judge, we find that Mr. Thomas has not shown cause for his failure to present in his first petition the claims he now brings in his second petition. Because he has not shown cause, we need not consider whether he suffered prejudice. Further, a review of the record does not establish that a "fundamental miscarriage of justice would result from a failure to entertain the claim[s]." McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 1
 We GRANT Mr. Thomas's request for a certificate of probable cause, GRANT his motion to proceed in forma pauperis and AFFIRM the district court's dismissal of his habeas corpus petition. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument