21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Sterlon HUNT, Petitioner-Appellant,
v.
Michael CARR; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6406.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.[2]
 
 
 1
 Petitioner James Sterlon Hunt appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. 2254. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 Petitioner was convicted of possession of a controlled and dangerous substance in the District Court of Oklahoma County, and received a forty-year sentence. Petitioner's conviction was affirmed on direct appeal. See Hunt v. State, No. F-86-877 (Okla.Crim.App.1990). The instant petition is the second in which Petitioner seeks federal habeas corpus relief. The government moved to dismiss the petition as an abuse of the writ claiming Petitioner raised two new grounds in his present petition which he failed to raise in his first petition.[3] The district court granted the motion. Petitioner appeals claiming he has shown adequate cause for his failure to raise his present claims in his previous habeas petition.
 
 
 3
 "[A] petitioner who raises new claims in a second or subsequent habeas petition must show both cause for failing to present those claims in an earlier habeas petition and prejudice therefrom." Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991). To show cause, a Petitioner must show an external impediment--i.e., "something that cannot fairly be attributed to him"--which prevented him from raising or formulating the new claims. Id. The cause standard requires the petitioner to "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." McCleskey v. Zant, 111 S.Ct. 1454, 1472 (1991).
 
 
 4
 Petitioner attempts to show cause by claiming he is "not educated well enough to understand the intricacies of the legal process, nor to judge the competence of others (lawyers and law clerks)." By this statement, Petitioner apparently also claims that the prison law clerks who assisted him in his first petition were incompetent.[4]
 
 
 5
 That Petitioner himself lacked training in the intricacies of the law does not constitute adequate cause for his failure to raise present claims in a previous habeas petition. See Rodriguez, 948 F.2d at 688. Furthermore, we find Petitioner's conclusory allegations of incompetence on the part of the prison law clerks equally unpersuasive. Petitioner appears to argue that because his petition is now susceptible to dismissal for abuse of the writ, the prison law clerks must have been incompetent. Petitioner has failed to allege any facts to support this allegation of incompetence other than a bare allegation that the prison law clerks lacked an adequate law library from which to assist him. Petitioner makes no showing as to how the assistance he received from the law clerks prevented him from raising his present claims in his first petition. Conclusory allegations without supporting factual averments are insufficient to show cause. See Cartwright v. Maynard, 802 F.2d 1203, 1211 (10th Cir.1986), modified on other grounds en banc, 822 F.2d 1477 (10th Cir.1987). Because Petitioner has failed to show cause for his failure to raise his present claims in his first petition, we need not consider whether Petitioner suffered actual prejudice. See McCleskey, 111 S.Ct. at 1474.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 In his present petition, Petitioner raises the following new claims: (1) ineffective assistance of counsel, and (2) lack of physical evidence to support his conviction
 
 
 [4]
 We note that the only reason the competence of the prison law clerks is relevant is because the law clerks were substitutes for an adequate law library. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (prison must provide either adequate law library or adequate assistance trained personnel)