47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry A. WRIGHT, Petitioner-Appellant,
v.
L.L. YOUNG, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 94-6310.
(D.C. No. CIV-93-2013-C)
 United States Court of Appeals, Tenth Circuit.
 Feb. 15, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Larry A. Wright appeals from the dismissal of his second habeas corpus petition, filed under 28 U.S.C. 2254, as an abuse of the writ. The petition alleges essentially one ground for relief: that petitioner was denied due process because the trial judge was not neutral and detached.[2] We grant petitioner's request for a certificate of probable cause, grant his motion to proceed in forma pauperis, and affirm.
 
 
 3
 Our review of the record, including petitioner's first 2254 petition, supports the district court's finding that petitioner failed to raise this issue in that original proceeding. Further, the district court correctly determined that petitioner failed to show cause for that omission or that a fundamental miscarriage of justice would result if we refuse to consider this claim now. See McCleskey v. Zant, 499 U.S. 467, 493-95 (1991). In particular, we note that contrary to petitioner's assertions, pro se litigants are held to the same standard, as to successive petitions, as litigants represented by counsel. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991).
 
 
 4
 We cannot add significantly to the analysis in the magistrate judge's recommendation of May 23, 1994, as adopted by the district court, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Specifically, petitioner asserts that his state conviction was obtained in violation of an Oklahoma statute disqualifying the judge who presides at a "Rule 6" preliminary hearing from serving as a trial judge in the same case, unless the parties consent. Although petitioner also claimed he was denied meaningful access to the courts because he had to rely on untrained law clerks, and that he was denied effective assistance of appellate counsel, he stated that he raised these two issues only to demonstrate cause for not raising the due process issue in other proceedings