51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Howard GILBREATH, Petitioner-Appellant,
v.
Dan REYNOLDS, Warden, Oklahoma State Penitentiary; Attorney
General of the State of Oklahoma, Respondents-Appellees.
 No. 94-7101.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Thomas Howard Gilbreath appeals from the district court's dismissal of his petition for habeas corpus relief. The district court held the petition was abusive under the standard set forth in McCleskey v. Zant, 499 U.S. 467 (1991). As a consequence of that ruling, the court dismissed the case and, in a subsequent order, denied Mr. Gilbreath a certificate of probable cause to appeal. On January 11, 1995, this court granted Mr. Gilbreath's request for a certificate of probable cause. We agree with the district court, however, that this petition constitutes an abuse of the writ. Therefore, we affirm.
 
 
 4
 Mr. Gilbreath was convicted in Oklahoma state court of robbery with a dangerous weapon after conviction of two prior felonies. On May 8, 1981, he was sentenced to 101 years' imprisonment. Following his conviction, he filed a series of state post-conviction petitions. Each one was denied summarily. In addition, he filed two federal habeas petitions prior to the petition at issue here. Again, his requests for relief were denied. On December 6, 1993, he filed this petition in federal court. Mr. Gilbreath raises several new claims of constitutional error. The government has steadfastly maintained that the new claims are barred under the abuse of the writ doctrine.
 
 
 5
 Because this is Mr. Gilbreath's third habeas petition, he is barred from bringing these claims unless he can show cause and resulting prejudice sufficient to overcome his apparent abuse of the writ. Schlup v. Delo, 115 S.Ct. 851, 862-63 (1995); see also 28 U.S.C. 2254, Rule 9(b)(defining abuse of the writ). We have reviewed the briefs and exhibits Mr. Gilbreath has submitted in support of his appeal. The only stated ground for his failure to raise these claims earlier is his statement that he was not aware of them.
 
 
 6
 Cause sufficient to overcome the failure to raise constitutional claims in a timely fashion must be "something external to the petitioner, something that cannot fairly be attributed to him...." Coleman v. Thompson, 501 U.S. 722, 753 (1991). Consequently, Mr. Gilbreath's "pro se status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to raise these claims in his previous habeas petition[s]." Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir.1991). The underlying factual basis for the claims raised here was apparent at the time the first habeas petition was filed. Mr. Gilbreath has not, therefore, satisfied the cause standard. Because he cannot meet this prong of the test, we cannot review these claims.
 
 
 7
 Moreover, Mr. Gilbreath has not shown that a fundamental miscarriage of justice would result from the failure to consider this petition. See McCleskey, 499 U.S. at 494-95. He has not made a showing of factual innocence. See id. Therefore, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470