52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodney Francis KING, Petitioner-Appellant,
v.
Ron CHAMPION, Respondent-Appellee.
 No. 95-6004.
(D.C. No. CIV-94-1214-M)
 United States Court of Appeals, Tenth Circuit.
 April 18, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Rodney Francis King (King), an inmate of the State of Oklahoma, appearing pro se, appeals from the district court's order denying his 28 U.S.C. 2254 petition for issuance of a writ of habeas corpus.
 
 
 3
 In his first petition filed in the district court seeking habeas corpus relief, King asserted five trial-based errors occurred in his trial on charges of robbery with a firearm for which he was sentenced to a term of forty years imprisonment: (1) prosecutorial misconduct, and (2) insufficiency of the evidence. The federal district court denied King's first petition on the merits.
 
 
 4
 In this second petition, King alleged two grounds for relief: (1) ineffective assistance of trial counsel because counsel failed to insure that the instruction regarding "failure to testify" was given, and (2) ineffective assistance of appellate counsel for failure to raise certain meritorious issues.
 
 
 5
 The magistrate judge's Report and Recommendation found that King had abused the writ of habeas corpus by failing, without excusable neglect, to raise the above issues which were available but not relied upon by King in his prior petition. Further, the magistrate judge found that King had failed to demonstrate any resulting prejudice. The district court agreed.
 
 
 6
 On appeal, King contends that: (1) the district court constitutionally erred in dismissing his petition as an abuse of the writ, when it failed to consider excusable neglect, manifest injustice and actual knowledge, (2) he was denied effective assistance of trial counsel when his counsel failed to cause an instruction to be issued regarding his failure to testify and that juror Mr. Donnell had made it clear during voir dire that he would hold it against appellant if appellant did not take the stand to testify in his own behalf, and (3) he was denied effective assistance of appellate counsel when trial court-appointed counsel continued to represent him on direct appeal and failed to raise meritorious issues on appeal.
 
 
 7
 In support of his argument that he has excusable neglect for failure to raise the issues presented in his second federal habeas petition in his first such petition, King contends that he did not discover the legal significance of the claims until later, and that he did not have actual knowledge of these claims at an earlier date. He contends that "the issues before this court will show that Appellant is 'actually innocent' of the unconstitutional trial and sentence ... [and that] ... the fundamental miscarriage of justice ... has been heaped upon this appellant...." (Appellant's Opening Brief at 4).
 
 
 8
 In Rodriguez v. Maynard, 948 F.2d 684 (10th Cir.1991), we held that McCleskey v. Zant 499 U.S. 467 (1991) draws no distinction between pro se petitioners and those represented by counsel for the purpose of determining whether a petitioner can show "cause." Cause must be something external to the Petitioner, something that cannot be attributed to him. Maynard, 948 F.2d at 687. A petitioner must demonstrate both cause and actual prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The legal and factual grounds for King's contentions raised in the second federal district court habeas petition existed at the time he filed his first or previous petition for habeas corpus relief.
 
 
 9
 We AFFIRM substantially for the reasons set forth in the magistrate judge's Report and Recommendation filed November 10, 1994, and the Order of the district court filed December 14, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470