19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy Gene MARSHALL, Petitioner-Appellant,
v.
Jack COWLEY, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-5070.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 25, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 
 KELLY
 
 1
 Petitioner-appellant Billy Gene Marshall, appearing pro se and in forma pauperis, appeals the dismissal of his habeas corpus petition alleging that a state procedural bar was inappropriately applied, the present conviction was enhanced by unconstitutional prior convictions, and counsel's failure to oppose the use of those convictions constituted ineffectiveness of counsel. Mr. Marshall pled guilty to robbery with firearms after former conviction of two or more felonies and did not take a direct appeal. He claims he was not properly made aware of this right. Our jurisdiction arises under 28 U.S.C. 1291, 2253 and we affirm.
 
 
 2
 The error Mr. Marshall raises in the state post-conviction proceeding is not sufficient to raise a federally cognizable issue as to his underlying state criminal conviction. See Hopkinson v. Shillinger, 866 F.2d 1185, 1219 (10th Cir.), aff'd on reh'g, 888 F.2d 1286 (10th Cir.1989), cert. denied, 497 U.S. 1010 (1990); Williams v. Missouri, 640 F.2d 140, 143-44 (8th Cir.), cert. denied, 451 U.S. 990 (1981). The Oklahoma Court of Criminal Appeals declined to review Mr. Marshall's claims because they were not brought on direct appeal. In order to avoid state procedural default, Mr. Marshall must demonstrate cause for his failure to raise these claims and resulting prejudice. See Murray v. Carrier, 477 U.S. 478, 489-91 (1986).
 
 
 3
 Mr. Marshall asserts that cause for his failure to appeal is ineffective assistance of his counsel in apprising him of this right. The record reflects, however, that Mr. Marshall was duly advised by the court of his narrow right to appeal his guilty plea. Although he argues that his waiver was not a knowing one, the judge extensively advised Mr. Marshall of the procedure for an appeal and offered to provide counsel for one. The court also warned Mr. Marshall on the limiting effect of a guilty plea on an appeal. With respect to notice of his right to appeal, Mr. Marshall's showing is insufficient to discredit our reliance on the transcript of these proceedings. As an attorney has no absolute duty in every case to advise a defendant of his limited right to appeal a guilty plea, Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir.1989), failure of counsel personally to notify the defendant of this limited right normally will not constitute ineffective assistance.
 
 
 4
 Mr. Marshall's pro se status does not require a different standard than that applied to petitioners represented by counsel, Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991), and a party's pro se status and lack of legal training do not constitute "cause" under the cause and prejudice test. Id. at 688.
 
 
 5
 As Mr. Marshall makes no claim of actual innocence, we need not address the alternative of the "fundamental miscarriage of justice" in lieu of cause and prejudice. See Sawyer v. Whitley, 112 S.Ct. 2514, 2519-20 (1992).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument