Joseph McCastle JACKSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–398.

Court of Criminal Appeals of Oklahoma.

Aug. 7, 1987.

Kenneth C. Watson, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Joseph McCastle Jackson was convicted in the District Court of Oklahoma County, Case No. CFR–83–3152, of Conspiracy to Commit Murder in the First Degree and Murder in the First Degree in violation of 21 O.S.1981, § 421 and § 701.7, respectively. The appellant waived sentencing by the

jury, and the trial court set punishment at five (5) years' for conspiracy, and life imprisonment for the First Degree Murder, the sentences to run concurrently. On appeal, we AFFIRM.

Mary Joe Rowe, the co-defendant who was tried with the appellant, met the victim when she took her car to the victim's garage for repairs.

After the victim had worked on Ms. Rowe's car on a couple of occasions, they went out together on a date. At that time, the victim displayed a large roll of money to Ms. Rowe.

According to the State's evidence given by Thomas Dale Ross, Ms. Rowe contacted her brother, Thomas Dale Ross and the appellant to make arrangements to rob and kill the victim. While Ms. Rowe was cleaning the victim's house, she noticed some unlocked windows and passed this information on to her brother and the appellant.

Around June 4, 1983, Mr. Ross overheard a telephone conversation in which his sister told the appellant "to make sure the victim was dead since the victim knew Mr. Ross and could connect him with her. The robbery and murder were to take place while Ms. Rowe was out of town in Kansas City.

The next evening, Mr. Ross and the appellant traveled to the victim's home and entered through a bedroom window. The pair waited all night for the victim to return. Morning came and when the victim did not return, the pair left the home.

Mr. Ross and the appellant returned to the home later in the day and rehearsed robbing and killing the victim. When the victim returned home, the pair confronted him and ordered him to lay down on the floor. At that point, Mr. Ross shot the victim twice in the head, while the appellant struck the victim in the head with a steel pipe. The pair went through the victim's pockets, finding only $50.00.

Authorities did not discover the body until a week later on June 15, 1983. A piece of paper was found beside the body, containing the name and phone number of Ms. Rowe. After further investigation, authorities were led to Mr. Ross and the appel-lant. Both Mr. Ross and the appellant admitted their involvement in the crime.

The appellant's first assignment of error alleges that the trial court erred in allowing the jurors to separate after final submission of the case.

■ It is well established by abundant authority that after final submission, separation of the jury or any action subjecting them to outside influence is presumed to prejudice the defendant and the burden is upon the State to prove otherwise. 22 O.S. 1981, § 857. See also Hayes v. State, 397 P.2d 524 (Okl.Cr.1964); Lusty v. State, 542 P.2d 545 (Okl.Cr.1975); Sheker v. State, 644 P.2d 560 (Okl.Cr.1982).

■ Initially, it is significant that the trial court sternly admonished the jury as to the seriousness and importance of their duty before allowing them to separate. A review of the record reveals nine admonishments by the judge to the jury not to discuss the case with anyone.

The appellant relies heavily on the fact that a juror was seen reading a newspaper at the courthouse the morning following the separation, which contained an article concerning the trial. However, as the State points out, there was no proof that the juror had actually seen or read the article.

Finally, the verdict does not reflect any prejudice toward the defendant. The verdicts in this case were identical as to both defendants, although the other defendant was not mentioned in the article.

We are compelled to hold in light of all the circumstances that the State has met its burden of proof and that this irregularity cannot be made a basis of error requiring a new trial.

In his second assignment of error, the appellant urges that a photograph was introduced into evidence that was gruesome, prejudicial, and thus caused fundamental error.

■ Where photographs, because of their subject matter, carry a danger of prejudice, they are still admissible unless the possibility of prejudice outweighs the

probative value. *Young v. State*, 701 P.2d 415 (Okl.Cr.1985). The admissibility of photographs lies within the sound discretion of the trial court and is based on a judicial determination of relevance. *Hall v. State*, 698 P.2d 33 (Okl.Cr.1985).

 The photograph in the instant case clearly shows the position and location of the body. The photograph corroborates the testimony of the investigator and the detective who examined the crime scene. The photograph also corroborates the location of other relevant evidence at trial. The photograph does show a portion of the victim's body with maggots on it. However, the photograph does not show the victim's wounds or any blood.

After reviewing the photograph, this Court cannot find that it was so gruesome or ghastly that the jury would have been inflamed, nor that the trial court abused its discretion in admitting the photograph into evidence.

The appellant's final assignment of error contends that the trial court erred when it failed to grant a severance to the appellant during trial.

This Court has consistently recognized that it is in the interest of both justice and economy to jointly charge and try those alleged to have participated in the same criminal act, and has urged trial courts to do so whenever possible. *Menefee v. State*, 640 P.2d 1381 (Okl.Cr.1982). The decision to grant or deny severance is left to the sound discretion of the trial court, and absent abuse resulting in prejudice to the defendant the decision will not be disturbed on appeal. *Master v. State*, 702 P.2d 375 (Okl.Cr.1985).

A careful review of the record fails to reveal any prejudice suffered by the appellant during the joint trial. The mere fact that a co-defendant attempts to escape punishment by inculpating the appellant is not a sufficient ground for severance. *Williams v. State*, 653 P.2d 937 (Okl.Cr.1982). The appellant has failed to show any abuse of discretion, therefore this assignment is without merit.

For the foregoing reasons, the judgment and sentence are AFFIRMED.

BUSSEY and PARKS, JJ., concur.