979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Macastle JACKSON, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-5069.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1992.
 
 1
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner Joseph Macastle Jackson appeals the district court's dismissal of his second petition for a writ of habeas corpus as an abuse of the writ. Petitioner was convicted of first degree murder and conspiracy to commit first degree murder for which he is currently serving concurrent sentences of life imprisonment and five years' imprisonment, respectively. His conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals. Jackson v. State, 741 P.2d 875 (Okla.Crim.App.1987). Petitioner's subsequent applications for state post-conviction relief were unsuccessful.
 
 
 6
 On October 28, 1988, Petitioner filed his first petition for writ of habeas corpus in federal district court, claiming that the trial court erred in allowing the jury to separate after submission of the case. The district court dismissed the petition on the merits, and this court affirmed on appeal. On January 10, 1991, petitioner filed his second petition for writ of habeas corpus alleging that (1) he did not receive a fair trial because of his counsel's failure to inform the court of misleading jury instructions; (2) he was unconstitutionally denied a hearing concerning his allegations of jury partiality and misconduct; (3) the court erred in dismissing the jury following the verdict; and (4) he received ineffective assistance of counsel. On February 8, 1991, the district court dismissed petitioner's second petition as an abuse of the writ. It is this dismissal which prompts this appeal.
 
 JURISDICTION
 
 7
 As a threshold question, we must determine whether this court has jurisdiction to consider petitioner's appeal. A habeas corpus proceeding is a civil action subject to Fed.R.App.P. 4(a)(1) which requires an appellant to file a notice of appeal within thirty days after entry of the final order or judgment. See Turnbull v. Wilcken, 893 F.2d 256, 258 (10th Cir.1990) ("A timely notice of appeal is an essential prerequisite to appellate jurisdiction."). However, if an appellant can demonstrate good cause or excusable neglect, the district court may extend the time for filing upon motion filed within thirty days of the expiration of the prescribed time. Fed.R.App.P. 4(a)(5).
 
 
 8
 In a rather obscure pro se document titled "Notice," filed in this court on February 20, 1991, petitioner indicated an intent to seek a writ of mandamus pursuant to 28 U.S.C. § 1651. In this court's order denying petitioner's request for mandamus relief, issued March 27, 1991, we informed petitioner of the appropriate appellate remedy available to him and cited him to the controlling rules. At this time, petitioner was still within the thirty-day grace period allowed for requesting an extension of time in which to file a notice of appeal. Consequently, on April 8, 1991, petitioner filed a "Pro Se Motion Pursuant to U.S. District Court of Appeals for the 10th Cir. Dated 3-27-91 in Case # 91-548 and, Brief in Support" in the district court. The district court docket reflects no record of this filing. In this motion, petitioner was apparently seeking district court permission to file a notice of appeal.
 
 
 9
 On July 22, 1991, petitioner filed a "Pro Se Petition for Leave to Proceed on Appeal in Forma Pauperis and Brief in Support" which this court construed as a request for a writ of mandamus to compel the district court to take action on his April 8, 1991, motion. This court denied the relief sought on the ground that we could not compel the district court to act on a motion that was never filed.
 
 
 10
 On December 27, 1991, the petitioner wrote a letter to the district court requesting a status report on his April 8, 1991, motion, followed on January 7, 1992, by a "Pro Se Pleading for Good Consideration of Petitioner's Pro Se Motion Seeking to File a Notice of Appeal and Brief in Support." In response, on January 10, 1992, the district court issued an order in which it stated that Petitioner's April 8, 1991, motion had been received by the district court on that date, but "inadvertently had not been filed stamped or docketed." The district court ordered that both the April 8, 1991, and the January 7, 1992, motions be considered "as a notice of appeal of the Court's order dismissing the petition for writ of habeas corpus" and granted petitioner a certificate of probable cause.
 
 
 11
 "In carefully limited circumstances, relief from an untimely notice of appeal may be available. If the district court induced detrimental reliance by an appellant resulting in the filing of an untimely notice of appeal, we may allow the appeal in the 'best interests of justice' given such unique circumstances." Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir.1991). The district court's inadvertent failure to properly docket petitioner's motion should not jurisdictionally bar petitioner from seeking appellate review. See Ray v. Cowley, No. 92-6057, 1992 WL 233490, at * 1 (10th Cir. Sept. 24, 1992) (district court's failure to accept pro se petitioner's "Application" for filing does not act as bar to appellate jurisdiction). Consequently, petitioner's April 8, 1991, pro se motion to the district court, filed within the thirty-day grace period allowed by Fed.R.App.P. 4(a)(5), is construed as a combined notice of appeal and request to appeal out of time which was subsequently granted by the district court's order of January 10, 1992.[1] Therefore, under the unique and limited circumstances of this case, we hold that we have jurisdiction to hear and decide the merits of petitioner's appeal.
 
 ABUSE OF THE WRIT
 
 12
 In his appeal, petitioner claims the district court erred in dismissing his second petition for writ of habeas corpus as an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases. Rule 9(b) provides:
 
 
 13
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 14
 In a recent clarification of the proper standard for deciding whether a petitioner has abused the writ, the Supreme Court determined that the cause and prejudice test set forth in Wainwright v. Sykes, 433 U.S. 72 (1977) should apply. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). However, as a prerequisite to applying this standard, "the government bears the burden of pleading abuse of the writ." Id. Only after the state has met its initial burden of pleading abuse of the writ with clarity and particularity does the burden shift to petitioner to show cause for his failure to raise the claims earlier and prejudice resulting from the claimed errors. See id.; Andrews v. Deland, 943 F.2d 1162, 1172 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). Once the state raises abuse of the writ, the petitioner's second petition may proceed if he can " 'show, by a preponderance of the evidence, that he has not abused the writ.' " Id. (quoting Coleman v. Saffle, 869 F.2d 1377, 1381 (10th Cir.1989), cert. denied, 494 U.S. 1990 (1990)).
 
 
 15
 There is no evidence in the record in this case that the state pleaded abuse of the writ in response to petitioner's second petition. On the contrary, it appears that the district court made its dismissal determination sua sponte, without requiring any response from the government or giving any notice to petitioner. Therefore, because the state did not meet its initial burden of pleading abuse of the writ with clarity and particularity, the district court's dismissal of the petition cannot stand.
 
 
 16
 It is unclear from the record whether petitioner is requesting appointment of counsel. To the extent that petitioner may be requesting appointment of counsel, his request should be addressed to the district court on remand.
 
 
 17
 Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is VACATED, and the cause is REMANDED for further proceedings consistent with this order and judgment. Petitioner's "Motion to Abate and Brief in Support" is DENIED as moot.
 
 
 18
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A notice of appeal must specify (1) the appellant; (2) the judgment appealed; and (3) the court to which the judgment is appealed. Fed.R.App.P. 3(c). However, the requirements of Rule 3 should be construed liberally. Nolan v. United States Dep't of Justice, 973 F.2d 843, 846 (10th Cir.1992). Petitioner's April 8, 1991, document meets the Rule 3 requirements. "[E]ven when a formal notice of appeal is defective or non-existent, 'a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.' " Id. (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988)); see also Smith v. Barry, 112 S.Ct. 678, 681-82 (1992) (the notice to other parties and the court given by a pleading, not the litigant's motivation for filing it, determines whether it can be construed as a notice of appeal)