13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Macastle JACKSON, Petitioner-Appellant,
v.
Ron CHAMPION, Attorney General for the State of Oklahoma,
Defendants-Appellees.
 No. 93-5158.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner Joseph Macastle Jackson appeals the district court's dismissal of his petition for writ of habeas corpus on the grounds of abuse of the writ. We have jurisdiction under 28 U.S.C.1291.
 
 
 2
 Petitioner was convicted of first degree murder and conspiracy to commit murder in the District Court of Oklahoma County, and received concurrent sentences of life imprisonment and five years' imprisonment, respectively. On direct appeal, the Oklahoma Court of Appeals affirmed Petitioner's conviction. See Jackson v. State, 741 P.2d 875 (Okla.Crim.App.1987). Petitioner subsequently filed several state applications for post-conviction relief, all of which were denied.
 
 
 3
 On October 28, 1988, Petitioner filed his first petition for federal habeas relief in federal district court, 28 U.S.C.2254, alleging his due process rights were violated because the jury was not impartial. The district court denied the petition on the merits.
 
 
 4
 Petitioner, proceeding pro se, filed a second petition for federal habeas relief on January 10, 1991. In his second petition, he alleged: (1) he did not receive a fair trial because of his counsel's failure to inform the court of misleading jury instructions, (2) he was unconstitutionally denied a hearing concerning his allegations of jury partiality and misconduct, (3) the court erred in dismissing the jury following the verdict, and (4) he received ineffective assistance of counsel. The district court sua sponte dismissed Petitioner's application as an abuse of the writ. Relying on McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991), we vacated the district court's order and remanded the case, stating that the government must first plead abuse of the writ before a petition may be dismissed as abusive. See Jackson v. Champion, No. 92-5069, 1992 WL 339062, at * 3 (10th Cir. Nov. 17, 1992).
 
 
 5
 On remand, Defendants moved, under Rule 9(b) of the Rules Governing Section 2254 cases, to dismiss Petitioner's second petition as an abuse of the writ. The district court dismissed the petition as an abuse of the writ, and this appeal followed.
 
 
 6
 "[A] petitioner who raises new claims in a second or subsequent habeas petition must show both cause for failing to present those claims in an earlier habeas petition and prejudice therefrom." Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991). In order to show cause, a petitioner must show an external impediment--i.e., "something that cannot fairly be attributed to him"--which prevented him from raising or formulating the new claims. Id. If a petitioner fails to show cause and prejudice, failure to raise the new claims earlier may then be excused only if a petitioner can show that a fundamental miscarriage of justice would result from a failure to consider the claim. Id. The fundamental miscarriage of justice exception encompasses "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McClesky, 111 S.Ct. at 1470.
 
 
 7
 Petitioner attempts to show cause by claiming: (1) he received inadequate training as a legal research assistant, (2) the state failed to provide adequate access to a law library, and (3) the state failed to provide an adequate law library or adequate assistance from persons trained in the law in formulating his first petition.
 
 
 8
 We reject Petitioner's first assertion of cause--i.e., that his training as a legal research assistant was inadequate--because a lack of legal training does not constitute adequate cause for a petitioner's failure to raise new claims in a previous habeas petition. Rodriguez, 948 F.2d at 688.
 
 
 9
 Petitioner's next asserted ground for cause is that he had inadequate access to a law library and was unable to raise his new claims in his first habeas petition because an Oklahoma prison policy prevented him from working on his own case while working as an inmate legal research assistant. However, Petitioner makes no showing that the prison policy prevented him from working on his own case during off hours. Furthermore, Petitioner failed to raise this argument before the district court. Petitioner has therefore waived this ground for relief. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993).
 
 
 10
 In his final argument, Petitioner claims the state failed to "provide an adequate law library or adequate assistance from someone trained in the law" in formulating his habeas petition. See Bounds v. Smith, 430 U.S. 817, 828 (1977)(requiring state to provide adequate law libraries or adequate assistance from someone trained in the law); Ward v. Kort, 762 F.2d 856, 860 (10th Cir.1985)(state must provide either adequate law libraries or available counsel on reasonable basis). Petitioner has failed to allege any facts to support his allegations. Conclusory allegations without supporting factual averments are insufficient to show cause. See Cartwright v. Maynard, 802 F.2d 1203, 1211 (10th Cir.1986) (federal habeas petition based on general allegations without substantive supporting facts properly denied), modified on other grounds by 822 F.2d 1477 (10th Cir.1987).
 
 
 11
 Because Petitioner fails to allege adequate cause for his failure to raise his new claims in his first habeas petition, we need not consider whether Petitioner suffered actual prejudice. See McCleskey, 111 S.Ct. at 1474; Rodriguez, 948 F.2d at 688.
 
 
 12
 Furthermore, Petitioner's failure to raise his new claims in his first petition is not excused under the fundamental miscarriage of justice exception because Petitioner fails to produce any evidence of actual innocence. Rather, he admits his involvement in the crime in his brief to this court.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3