F I L E D
United States Court of Appeals
Tenth Circuit

NOV 3 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOSEPH MACASTLE JACKSON,

Petitioner-Appellant,

v.

RON CHAMPION,

Respondent-Appellee.

No.  96-6367
(D.C. No. CIV-96-637-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Joseph Macastle Jackson seeks leave to appeal from the district court's order dismissing his 28 U.S.C. § 2254 habeas corpus petition as abuse of the writ. We construe his application for a certificate of appealability as an application for a certificate of probable cause, deny the application, and dismiss this appeal.

The Supreme Court has recently held that the certificate of appealability provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), are not applicable to cases filed before April 24, 1996, AEDPA's date of enactment. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997); see also United States v. Kunzman, ___ F.3d ___, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997) (en banc). Because Mr. Jackson filed his petition on March 27, 1996, prior to AEDPA's date of enactment, he does not need a certificate of appealability to proceed on appeal.[1] He is, however, subject to the previous requirement of 28 U.S.C. § 2253

[1]    Mr. Jackson deposited his pro se § 2254 petition and his application to proceed in forma pauperis in the prison mail system on March 27, 1996. These documents were received by the district court on March 29, 1996. The district court, however, did not officially file Mr. Jackson's petition until April 26, 1996, two days after the enactment of AEDPA.

The government moved to dismiss based on Mr. Jackson's failure to comply with 28 U.S.C. § 2244(b)(3)(A), amended by AEDPA to require a petitioner to obtain permission from the appropriate circuit court of appeals to file a second or successive habeas petition. See Coleman v. United States, 106 F.3d 339, 340

(continued...)

that he obtain a certificate of probable cause to appeal. As we held in <u>Lennox v.</u>

<u>Evans</u>, 87 F.3d 431, 434 (10th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 746 (1997),

<u>overruled in part by</u> <u>Kunzman</u>, 1997 WL 602507, Mr. Jackson's burden is the

same under either provision. In order to be eligible for a certificate of probable

cause, Mr. Jackson must "make a substantial showing of the denial of a federal

constitutional right." <u>Id.</u> For the following reasons, we conclude that

Mr. Jackson has failed to make the requisite showing.

On December 20, 1983, Mr. Jackson was sentenced to five years'

imprisonment for conspiracy to commit murder in the first degree and life

imprisonment for murder in the first degree. His direct appeal was affirmed by

the Oklahoma Court of Criminal Appeals on August 7, 1987. <u>See</u> <u>Jackson v.</u>

<u>State</u>, 741 P.2d 875 (Okla. Crim. App. 1987). Although the record is not entirely

clear on the matter, it appears that the Oklahoma Court of Criminal Appeals

---

[1](...continued)
(10th Cir. 1997). Applying <u>Houston v. Lack</u>, 487 U.S. 266, 270-72 (1988) (holding a pro se prisoner's notice of appeal timely filed if deposited in the prison mail system within the applicable time limit), the magistrate judge deemed Mr. Jackson's petition filed on March 27, 1996, determined that Mr. Jackson did not have to apply to the circuit court of appeals for leave to file a successive petition, and recommended the motion to dismiss be denied. <u>See also</u> Fed. R. App. P. 4(c) (inmate notice of appeal is timely filed if deposited in prison's mail system on or before filing deadline). We agree with this determination, and further conclude that this "mailbox rule" is applicable here. Accordingly, we consider Mr. Jackson's petition filed on the date he deposited it in the prison mail system, March 27, 1996, and therefore conclude that AEDPA's certificate of appealability provision does not apply.

subsequently denied Mr. Jackson's application for post-conviction relief and two state petitions for habeas corpus relief.

This is Mr. Jackson's third federal application for habeas relief. His first petition, filed October 28, 1988, was denied by the district court on the merits. His second petition, filed January 10, 1991, was dismissed sua sponte by the district court as abuse of the writ. On appeal, this court vacated and remanded the case, stating that the government must first plead abuse of the writ before dismissal is proper. See Jackson v. Champion, No. 92-5069, 1992 WL 339062, at **3 (10th Cir. Nov. 17, 1992) (unpublished). On remand, the district court again dismissed the petition as abusive, and by order and judgment, this court affirmed. See Jackson v. Champion, No. 93-5158, 1993 WL 482969, at **2 (10th Cir. Nov. 24, 1993) (unpublished).

The district court, adopting the recommendation of the magistrate judge, dismissed Mr. Jackson's current petition as an abuse of the writ. See Rule 9(b) of the Rules Governing Section 2254 Cases. Pursuant to Rule 9(b) and 28 U.S.C. § 2244(b), a habeas corpus petition may be dismissed as an abuse of the writ if it reasserts claims previously adjudicated on the merits, or asserts new claims unjustifiably omitted from a previous petition. See Watkins v. Champion, 39 F.3d 273, 275 (10th Cir. 1994).

Mr. Jackson has not provided this court with copies of his previous petitions. Moreover, he has not challenged the accuracy of the magistrate judge's summary of the issues presented. He has made no attempt to explain his failure to raise his claims in his previous petitions, and therefore, we are aware of no reason to find an exception to the abuse of the writ doctrine.

Mr. Jackson failed to demonstrate either cause and prejudice, or a fundamental miscarriage of justice in either his response to the government's motion to dismiss as abuse of the writ or in his appellate brief. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991) (holding that in order to excuse failure to raise a claim in an earlier petition, petitioner "must show cause for failing to raise it and prejudice therefrom" or "a fundamental miscarriage of justice" resulting from the court's failure to consider the claim); accord Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir. 1991). Instead, Mr. Jackson continues to argue the allegations of trial error which form the substance of his habeas corpus claims.

Consequently, we conclude that Mr. Jackson has failed to show that the district court's dismissal constituted the denial of a federal constitutional right.

His request for a certificate of probable cause is DENIED, and the appeal is DISMISSED. All of Mr. Jackson's pending motions are DENIED. The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge