F I L E D
United States Court of Appeals
Tenth Circuit

**March 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSEPH MACASTLE JACKSON,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA and VIRGIL
C. BLACK,

      Respondents-Appellees.

No. 05-6184

(D.C. No. CIV-05-214-C)
(W. D. Oklahoma)

---

JOSEPH MACASTLE JACKSON,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA and VIRGIL
C. BLACK,

      Respondents-Appellees.

No. 05-6199

(D.C. No. CIV-05-214-C)
(W. D. Oklahoma)

---

JOSEPH MACASTLE JACKSON,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA and VIRGIL
C. BLACK,

      Respondents-Appellees.

No. 05-6237

(D.C. No. CIV-05-214-C)
(W. D. Oklahoma)

---

# ORDER AND JUDGMENT[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are, therefore, ordered submitted without oral argument.

Joseph Macastle Jackson appeals the district court's dismissal of his "Emergency Petition for Transfer of State Court Post-Conviction Relief Proceedings," Case No. 05-6184, the district court's denial of his motion to proceed in forma pauperis, Case No. 05-6199, and the district court's denial of his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), Case No. 05-6237. These three appeals have been consolidated for procedural purposes. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In 1983, Jackson was convicted, following a jury trial in Oklahoma state court, of conspiracy to commit murder and first degree murder. He was sentenced to five years imprisonment for the conspiracy offense, and life imprisonment for the murder offense, to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

be served concurrently. On August 7, 1987, the Oklahoma Court of Criminal Appeals (OCCA) affirmed both Jackson's convictions and sentence. Jackson v. State, 741 P.2d 875 (Okla. Crim. App. 1987). Since that time, Jackson has been no stranger to this court, filing numerous applications for habeas relief.

In August 2004, Jackson sought post-conviction relief before the OCCA, relying on a recent decision from that court for relief, Johnson v. State, 93 P.3d 41 (Okla. Crim. App. 2004). The OCCA dismissed Jackson's petition on the basis that he failed to first seek post-conviction relief before the state district court. As a result, Jackson attempted to file an application for post-conviction relief before the District Court of Oklahoma County. In a letter dated January 12, 2005, Judge Virgil C. Black, district judge for the District Court of Oklahoma County, advised Jackson:

> You continue to file documents in the District Court of Oklahoma County concerning your 1983 conviction.
> Your case has been appealed to the Oklahoma Court of Criminal Appeals and affirmed, post conviction relief has been denied and appealed to the Oklahoma Court of Criminal Appeals and affirmed. From the various docket sheets available to me it appears you have as many as five post-convictions and numerous other filings.
> This is your final notice. You have exhausted all remedies in the District Court of Oklahoma County. Do not file any additional pleadings on your convictions is [sic] this courthouse. I have reiterated my directions to the Oklahoma County Court Clerk to continue returning any other filings. Further violation of my previous order will result in sanctions.

Thereafter, the Oklahoma County Court Clerk returned Jackson's application for post-conviction relief.

On February 22, 2005, Jackson filed an "Emergency Petition for Transfer of State Court Post-Conviction Relief Proceedings" in the United States District Court for the Western District of Oklahoma. Jackson asserted that Judge Black denied him the ability to pursue post-conviction relief based on Johnson v. State, and thus deprived him of his due process and equal protection rights. Further, Jackson alleged that Judge Black harbored a racial bias against him, necessitating that his state post-conviction proceedings be "removed from the Oklahoma County District Court to the United States District Court for the Western District of Oklahoma for review on the merits."

The district court referred the matter to a magistrate judge, who on April 11, 2005, recommended that Jackson's case be dismissed for lack of subject matter jurisdiction. First, the magistrate judge determined that Jackson, as a party plaintiff, could not remove his action. The magistrate judge further noted that it appeared that there was no pending state court action to remove. Second, the magistrate judge stated that, to the extent Jackson sought appellate review over the Oklahoma state courts, it did not possess such supervisory jurisdiction or any mandamus authority to require the state district court to accept Jackson's post-conviction filing. The magistrate judge advised Jackson that the appropriate avenue of relief was to file a petition for an extraordinary writ of mandamus in the OCCA to compel the right to file a post-conviction application in state court. Lastly, the magistrate judge declined to construe Jackson's pleadings as seeking federal habeas corpus relief or relief pursuant to 42 U.S.C. § 1983. The district court adopted the magistrate judge's report and recommendation in its entirety. In dismissing the matter,

however, the district court characterized Jackson's filing as a petition for habeas corpus relief. Jackson subsequently filed two motions to proceed in forma pauperis on appeal, as well as a motion to appoint counsel on appeal. On June 1, 2005, the district court denied those motions after concluding that Jackson's appeal was not taken in good faith and that the issues presented were frivolous. Later that month, the district court denied Jackson's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). On August 17, 2005, we consolidated the appeals from these decisions.

On appeal, Jackson reasserts that his state court post-conviction proceedings must be removed to federal court because of the state court judge's racial bias against him. Jackson maintains that the state courts have completed the handling of his case, and that he has no other remedy available other than removal. We agree with the well-reasoned report and recommendation of the magistrate judge, subsequently adopted by the district court. There is no state action to remove because Jackson was not allowed to file his petition for post-conviction relief in the first instance. Further, the right of removal is available only to defendants, and therefore Jackson may not remove his own action from state court to federal court. To the extent Jackson seeks habeas relief, he has not exhausted his state remedies. As the magistrate judge pointed out, Jackson has not sought relief before the OCCA to compel the state district court to accept his post-conviction relief application.

Accordingly, we AFFIRM the district court's dismissal of Jackson's "Emergency Petition for Transfer of State Court Post-Conviction Relief Proceedings,"

-5-

Case No. 05-6184, for lack of jurisdiction. We also AFFIRM the district court's denial of

Jackson's motion to proceed in formal pauperis, Case No. 05-6199, and the denial of

Jackson's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), Case No. 05-

6237. Jackson's motion to supplement the record with removal notices in Case Nos. 05-

6184 and 05-6199 is GRANTED, and Jackson's motion to proceed in forma pauperis in

Case Nos. 05-6184 and 05-6199 is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge