FILED
United States Court of Appeals
Tenth Circuit

August 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH MACASTLE JACKSON,

     Petitioner-Appellant,

v.

GREG PROVINCE, Warden,

     Respondent-Appellee.

No. 09-5018

(D.C. No. CV-08-00371-P)
(N. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

Joseph Jackson, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's

dismissal of his petition for writ of habeas corpus seeking relief under both 28

U.S.C. § 2254 and 28 U.S.C. § 2241. Because we conclude the reasoning of the

district court is not subject to dispute, we deny Jackson's request for a COA, and

dismiss this matter.

I

In 1983, Jackson was convicted in Oklahoma state court of first degree

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

murder and conspiracy to commit first degree murder. He was sentenced to life imprisonment for the murder conviction and five years' imprisonment for the conspiracy conviction, with the sentences to run concurrently. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Jackson's convictions and sentences on direct appeal. Jackson v. State, 741 P.2d 875, 877 (Okla. Crim. App. 1987). Jackson subsequently sought and was denied state post-conviction relief.

In October 1988, Jackson filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court, claiming the state trial court erred in allowing the jury in his trial to separate after submission of the case. That claim, which was rejected on direct appeal by the OCCA, was similarly rejected on the merits by both the federal district court and this court. See Jackson v. Champion, No. 98-6023, 1998 WL 792069 at *1 (10th Cir. Oct. 15, 1998) (describing Jackson's federal habeas petition history).

In January 1991 and March 1996, prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Jackson filed, respectively, second and third petitions for writ of habeas corpus in federal district court. Those petitions were each dismissed as an abuse of the writ pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases. And, in each instance, we affirmed the dismissal, concluding Jackson had failed to demonstrate either cause or prejudice, or a fundamental miscarriage of justice. Jackson v. Champion, No. 93-5158, 1993 WL 482969 (10th Cir. Nov. 24, 1993); Jackson v.

2

Champion, No. 96-6367, 1997 WL 687702 (10th Cir. Nov. 3, 1997).

Since the effective date of AEDPA, Jackson has initiated at least four proceedings expressly or implicitly seeking appellate authorization to file a second or successive § 2254 habeas petition. All of those requests were denied due to Jackson's failure to satisfy the requirements set forth in 28 U.S.C. § 2244(b) for filing a second or successive petition. Further, after denying Jackson's most recent request, this court concluded that sanctions were appropriate and, accordingly, ordered that any further application by Jackson for leave to file another collateral attack on his 1983 state convictions would be deemed denied on the thirtieth day after filing unless this court ordered otherwise.

On June 25, 2008, Jackson filed yet another federal habeas petition.[1] In the first ground for relief listed in the petition, Jackson alleged, as he had in at least two of his prior federal habeas petitions, that the state trial court erred in allowing the jury to separate after submission of the case. In the second ground for relief listed in the petition, Jackson alleged that, in light of the OCCA's decision in Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006), he was entitled to have his supervised release date calculated as if his life sentence were a forty-five year term of imprisonment.

---

[1] The petition was filed on a universal habeas corpus form supplied by the district court. On the cover sheet of his petition, Jackson checked a box stating that he was filing a "PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY 28 USC § 2241."

Respondent moved to dismiss Jackson's petition, arguing that Jackson's first ground for relief was an unauthorized second or successive claim for relief pursuant to § 2254, and that Jackson's second ground for relief, though properly filed pursuant to 28 U.S.C. § 2241, was time-barred. The district court agreed with respondent and granted the motion to dismiss in its entirety. Jackson moved to alter or amend the judgment. The district court denied Jackson's motion.

Jackson has since filed a notice of appeal and a motion for leave to proceed in forma pauperis on appeal. Although the district court granted the latter motion, it construed Jackson's notice of appeal as a request for COA and denied the same. Jackson has now renewed his request for COA with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241"). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

4

manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, there is no doubt that the district court correctly dismissed for lack of jurisdiction the first ground for relief alleged in Jackson's petition. That ground, which the district court properly construed as seeking relief pursuant to § 2254, challenged the validity of Jackson's state convictions. As noted, Jackson has previously filed at least seven § 2254 habeas proceedings challenging those same convictions, and therefore must first obtain an order from this court authorizing the district court to consider any additional § 2254 applications. 28 U.S.C. § 2244(b)(3)(A). Further, this court has admonished Jackson for his repetitive filings, and has advised him that any second or successive applications will be, absent an order to the contrary, presumptively denied. Finally, having examined the record on appeal, it is apparent that the basis for Jackson's first ground for relief has been rejected on previous occasions by this court. Accordingly, Jackson has failed to establish his entitlement to a COA with respect to the first

5

ground for relief asserted in his petition.

We reach a similar conclusion with respect to the second ground for relief asserted in Jackson's petition. That claim, aimed at the execution of Jackson's sentence, was properly construed by the district court as seeking relief pursuant to § 2241. Section 2241 claims are subject to a one-year period of limitation outlined in 28 U.S.C. § 2244(d)(1). Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003). Of the four possible triggering events outlined in § 2244(d)(1), the only one of conceivable relevance here is set forth in subsection (D): "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). As the district court noted, Jackson's allegations in his second ground for relief were based exclusively on language set forth in the OCCA's decision in Anderson, which was issued on February 22, 2006. As the district court further noted, Jackson made no attempt to seek state court relief based on Anderson, and instead waited more than two years after its issuance before initiating these federal habeas proceedings. We therefore conclude that jurists of reason would not find it debatable whether the district court was correct in dismissing Jackson's second ground for relief as time-barred.

The request for a COA is DENIED and this matter is DISMISSED.

Jackson's motion for certified question is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge