FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH MACASTLE JACKSON,

    Petitioner - Appellant,

v.

MARK BOWEN,

    Respondent - Appellee.

No. 22-6068
(D.C. No. 5:22-CV-00083-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Joseph M. Jackson, an Oklahoma prisoner representing himself, seeks to appeal

the dismissal of his most recent application for habeas relief.[1]  We deny his request for a

certificate of appealability (COA).  Aside from seeking a COA, Mr. Jackson appeals the

district court's order denying his motion to appoint counsel, and we affirm that order.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Mr. Jackson's pro se filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. Background

Mr. Jackson is serving a life sentence for a 1983 murder. *See Jackson v. State*, 741 P.2d 875, 875–76 (Okla. Crim. App. 1987). The current proceedings began when he filed an application styled as one seeking habeas relief under 28 U.S.C. § 2241. He argued that Oklahoma lacked jurisdiction to prosecute him because he is "an Indian" and his crimes occurred within the boundaries of the Muscogee Nation. R. at 10. Despite the title of his application, however, the district court concluded that Mr. Jackson could pursue his claim only under 28 U.S.C. § 2254, not § 2241. And because Mr. Jackson had previously sought relief under § 2254, the district court dismissed his current application, concluding that it lacked jurisdiction over the merits of a second or successive § 2254 application.

## II. Discussion

### A. COA Application

To appeal the dismissal of his habeas application, Mr. Jackson needs a COA. *See* 28 U.S.C. § 2253(c)(1)(A). We may grant a COA if he shows that jurists of reason would find it debatable whether his application "states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). We need not consider whether Mr. Jackson's application states a valid constitutional claim because the district court's procedural ruling is not debatable.

A district court lacks jurisdiction over the merits of a second or successive § 2254 application unless the prisoner has received authorization to file the application from the

2

appropriate court of appeals.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)

(per curiam).  Mr. Jackson maintains that his most recent habeas application did not need

prior authorization, however, because it sought relief under § 2241, not § 2254.  Not so.

His jurisdictional claim attacks the validity of his conviction and sentence, so reasonable

jurists could not debate the district court's conclusion that the claim falls under § 2254.[2]

*See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).

But even if his claim falls under § 2254, Mr. Jackson says, it is not second or

successive.  That is so, he argues, because there have been important recent changes in

the law and because he now challenges a new judgment.  Changes in the law, however,

do not alter the fact that he has already challenged his state judgment under § 2254.  It is

true, though, that a habeas application will not be considered second or successive if it is

the first to challenge a particular judgment, even if the prisoner has previously filed other

applications challenging earlier judgments.  *See Magwood v. Patterson*, 561 U.S. 320,

331–33 (2010).  For example, if a prisoner obtains habeas relief that vacates a judgment

and the state later obtains a new judgment, the prisoner's first § 2254 challenge to the

new judgment will not be considered second or successive.  *See id.* at 332–33.

Mr. Jackson attempts to take advantage of this rule, pointing to a recent decision in his

case from the Oklahoma Court of Criminal Appeals.  But Mr. Jackson's case does not fit

---

[2] To the extent Mr. Jackson argues that the limits on second or successive
§ 2254 applications do not apply to jurisdictional claims, he is incorrect.  *See Prost v.
Anderson*, 636 F.3d 578, 592 (10th Cir. 2011) (recognizing that "lack of jurisdiction
is not one of the two authorized grounds upon which a successive § 2254 motion may
be filed").

under *Magwood*'s rule because the state decision he cites affirmed the *denial* of postconviction relief.  R. at 127–29.  In other words, the decision left his judgment undisturbed.  No reasonable jurist could debate the conclusion that Mr. Jackson's current application is a second or successive one.

Having correctly concluded that Mr. Jackson filed an unauthorized second or successive § 2254 application, the district court had two options:  dismiss the application for lack of jurisdiction or transfer it to this court.[3]  *See Cline*, 531 F.3d at 1252.  Transfer is appropriate when it furthers the interests of justice.  *Id.*  The district court declined to transfer Mr. Jackson's application based on its conclusion that he would not receive authorization to pursue his claim in a second or successive § 2254 application.  A claim will receive such authorization "only if it falls within one of two narrow categories— roughly speaking, if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish [the prisoner's] innocence." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020); *see also* 28 U.S.C. § 2244(b)(2).

Mr. Jackson does not dispute that his claim does not rely on a new and retroactive rule of constitutional law, but he argues that the district court should have considered

---

[3] Contrary to Mr. Jackson's argument, the district court did not have "inherent equitable powers" to address the merits of his unauthorized second or successive § 2254 application.  COA Appl. at 16.  True, the Antiterrorism and Effective Death Penalty Act of 1996 "will not constrain a court's authority to employ its inherent equitable powers if the court is acting on its own initiative, rather than upon the application filed by the petitioner." *United States v. Williams*, 790 F.3d 1059, 1073 (10th Cir. 2015).  Here, though, any action on the merits of Mr. Jackson's claim would have been based on his application.

whether his claim alleges previously undiscoverable facts showing his innocence. He implies that the decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), revealed a previously undiscoverable fact: that Oklahoma lacked jurisdiction to prosecute him. But *McGirt*'s holding is not a previously undiscoverable factual predicate for Mr. Jackson's claim; it is a legal conclusion. Reasonable jurists could not debate the propriety of the district court's discretionary decision to dismiss Mr. Jackson's application rather than transfer it.

The Supreme Court has foreclosed Mr. Jackson's remaining argument against the dismissal of his application—that it violates the Suspension Clause. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In sum, reasonable jurists could not debate whether the district court correctly dismissed Mr. Jackson's habeas application for lack of jurisdiction. So we deny his application for a COA.

### B. Motion to Appoint Counsel

Mr. Jackson does not need a COA to appeal the district court's order denying his motion to appoint counsel. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). The district court did not abuse its discretion when it denied Mr. Jackson's motion to appoint counsel. After all, the court lacked jurisdiction even to address the merits of his habeas application.

III.  Conclusion

We deny Mr. Jackson's motion to proceed without prepaying costs or fees because he has not presented "a reasoned, nonfrivolous argument on the law and facts." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  We affirm the district court's denial of Mr. Jackson's motion to appoint counsel.  We deny his application for a COA and dismiss the balance of this matter.

Entered for the Court
Per Curiam