**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK E. LEWIS,

      Petitioner - Appellant,

v.

BOBBY BOONE, Warden, Mack
Alford Correctional Center,

      Respondent - Appellee.

No. 99-5167
(D.C. No. 98-CV-715-K)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

      State prisoner Mark E. Lewis, appearing pro se, requests a certificate of appealability to contest the district court's denial of his petition for a writ of habeas corpus. The district court dismissed his petition as untimely pursuant to 28 U.S.C. § 2244(d). Because Lewis fails to make a substantial showing of the

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of a constitutional right, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c).

A jury convicted Lewis of four counts of first-degree rape and one count each of forcible sodomy and larceny from a house. The Oklahoma Court of Criminal Appeals affirmed his convictions on March 25, 1993, and therefore they became final on or about June 24, 1993, following the expiration of the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A).

Approximately four years later, Lewis filed a petition for post-conviction relief. The precise date of this filing is uncertain from the record before us. However, it is a matter of record that the Tulsa County District Court denied post-conviction relief on October 20, 1997. It appears the Oklahoma Court of Criminal Appeals rejected as untimely Lewis's appeal of that denial on January 28, 1998.

On September 18, 1998, Lewis filed his application for federal habeas relief. The district court dismissed it as untimely pursuant to 28 U.S.C. § 2244(d). This provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). It

- 2 -

also provides for tolling of the time limit while "a properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

To avoid retroactivity problems, we have construed the limitation period of § 2244(d) to run from AEDPA's effective date, April 24, 1996, in the case of prisoners whose convictions became final prior to that date. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Furthermore, we have recognized that the state court tolling provision of § 2244(d)(2) applies to this one-year grace period. See id. at 1226.

Lewis challenges the district court's finding of untimeliness. First, he asserts in his brief on appeal that he submitted his request for state post-conviction relief to the prison mail system on April 22, 1997, one day before the expiration of the AEDPA limitations grace period. Under the prison mailbox rule, he argues, this began tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2). The one-year grace period for inmates whose convictions became final prior to AEDPA's effective date is subject to tolling pursuant to § 2244(d)(2). See Hoggro, 150 F.3d at 1226. However, even were Lewis's unsupported assertions of filing his state post-conviction application prior to

April 23, 1997, correct, his habeas petition would still be untimely.[1]  Such filing would leave only one day of the limitations period remaining after denial of state post-conviction relief.  It appears Lewis waited nearly another eleven months from the denial of his state post-conviction application in October 1997 before filing of his federal habeas petition in September 1998.  Even if his state appeal of the denial of post-conviction relief (which the OCCA apparently dismissed as untimely and therefore cannot  constitute a "properly filed application" under 28 U.S.C. § 2244(d)(2)) had been properly filed and therefore tolled the AEDPA limitations period, Lewis's federal habeas petition would still be untimely, because some eight months lapsed between the OCCA's ruling in January 1998 and Lewis's habeas filing in September 1998.

Lewis asserts that an unconstitutional state-created impediment to filing his application prevented him from filing, thereby triggering a later onset of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A).  This alleged violation apparently refers to the right of access to courts discussed in Bounds v. Smith, 430 U.S. 817, 821-22 (1977), modified by Lewis v. Casey, 518 U.S. 343, 351-55

---

[1]  We have applied the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270-72 (1988), to assess the timeliness of federal habeas filings under the AEDPA limitations period.  See United States v. Gray, 182 F.3d 762, 764 (10th Cir. 1999).  Because it is irrelevant to our resolution of this matter, we need not resolve the application of the prison mailbox rule to the tolling provision of 28 U.S.C. § 2244(d)(2), but the logic of Houston and Gray strongly suggests that the rule necessarily applies.

(1996). Prisoners do have a constitutional right of access to the courts to challenge the validity of their sentence, and part of this constitutional right is a requirement that prison officials assist inmates in filing nonfrivolous legal claims "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Lewis, 518 U.S. at 346 (quoting Bounds, 430 U.S. at 828); see also Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (applying Lewis and Bounds to a claim of inadequate access to a prison law library).

Lewis concedes that he had assistance from inmate legal assistants, but argues that they erroneously informed him, contrary to the plain language of 28 U.S.C. § 2244(d), that the one-year limitations period for federal habeas petitions does not begin to run until after resolution of state post-conviction proceedings. Such erroneous assistance does not necessarily rise to the level of a denial of access to courts as contemplated by Lewis. To show a Bounds violation, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. . . . for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." Lewis, 518 U.S. at 351 (emphasis added). Lewis does not allege that the prison's law library lacked a copy of 28 U.S.C.

§ 2244 and therefore could not have known of the deadline. <u>Bounds</u> and <u>Lewis</u> guarantee only an adequate level of library facilities and/or legal assistance; the Supreme Court has never held that they represent a guarantee against errors by inmate legal assistants when library facilities are otherwise available. Therefore, Lewis's allegations do not rise to the level of an unconstitutional state-created impediment so as to invoke the later onset of the limitations period provided for by 28 U.S.C. § 2244(d)(1)(A). Moreover, Lewis's claim of ignorance of the § 2244 deadline does not reflect a state-created impediment, as contemplated by § 2244(d)(1)(A), and his alleged ignorance of the deadline is therefore more appropriately addressed in our consideration of equitable tolling than as grounds for delayed onset of the limitations period.

Furthermore, the record indicates that the prison's allegedly inadequate legal assistance did not prevent Lewis from filing an unrelated state mandamus action on April 18, 1996. His filing of this action strongly suggests there was no impediment to the exhaustion of his state remedies and to the filing of a federal habeas petition within the limitations period. The filing of the mandamus action also appears to refute Lewis's assertion in his brief on appeal that he was in continuous segregative isolation from February 1992 through September 1997, resulting in a lack of access to legal materials and thereby the courts.

Insofar as Lewis's submission to this court can be read as a request for equitable tolling under <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998), we see no grounds for the exercise of our equitable power to toll the AEDPA limitations period. The salient fact in this case is that Lewis delayed some four years in filing his state post-conviction application. His lack of diligence therefore precludes equitable tolling, as noted by the district court. <u>Cf.</u> <u>Lewis</u>, 518 U.S. at 351 (stating that an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"). Considering that a non-capital federal habeas petitioner does not enjoy the same constitutional right to counsel in seeking habeas relief as he does on direct appeal, we cannot conclude that alleged reliance on erroneous advice from an inmate legal assistant constitutes cause and prejudice sufficient to compel the exercise of our equitable tolling power. <u>Cf.</u> <u>Rodriguez v. Maynard</u>, 948 F.2d 684, 688 (10th Cir. 1991) (holding that "pro se status and . . . corresponding lack of awareness and training on legal issues do not constitute adequate cause" for failure to raise an issue in a previous habeas petition).

The application for a certificate of appealability is **DENIED**; this matter is **DISMISSED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge